IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FILED**

AUG 2 2007

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

TIMOTHY WADE JONES,

   **Plaintiff,**

v.

DR. J. HAMMOND, DR. J. TENNANT, DR. T.
WARREN, DR. BRANSON, KIMBERLY WHITE,
HARRELL WATTS, A. GERBER AND AL HAYNES,

   **Defendants.**

Civil Action No. 2:07cv6
(Judge Maxwell)

## ORDER DENYING MOTION TO APPOINT COUNSEL

This case is before the Court on the plaintiff's motion for counsel (dckt. 28) and letter filed

on July16, 2007 (dckt. 29). In support of his motion for counsel, the plaintiff merely asserts that he

is indigent, incarcerated, and unschooled in the law. In his letter, the plaintiff requests information

regarding the Court's receipt of certain documents, the status of his case, whether his claim has

merit, and information regarding certain Freedom of Information Act ("FOIA") requests he has

submitted to the Bureau of Prisons and the Social Security Administration.

### 1. Motion for Counsel

In contrast to criminal proceedings, appointment of counsel in a civil case is not a

constitutional right; it is a decision within the Court's discretion. See 28 U.S.C. § 1915(e)(1). The

Court should request counsel to represent an indigent only after a showing of a particular need or

exceptional circumstances. Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). "The question of whether

such circumstances exist in any particular case hinges on characteristics of the claim and the

litigant." <u>Whisenant v. Yuam</u>, 739 F.2d 160, 163 (4th Cir 1984). Because the undersigned is of the opinion that the plaintiff has failed to show a particular need or exceptional circumstances which would require the assistance of a trained practitioner, the plaintiff's motion for counsel (dckt. 28) is DENIED.

## 2. Letter

The undersigned notes that after receiving the plaintiff's letter, the Clerk sent the plaintiff a copy of his docket sheet. The information contained on that document is sufficient for the plaintiff to determine the status of his case. In addition, that document shows that the plaintiff recently paid his initial partial filing fee and that his case is now ripe for preliminary review. The plaintiff's case will be given appropriate consideration as time permits. As to whether the plaintiff's claim has sufficient merit to proceed at this time, that issue will be addressed at the time of preliminary review. Finally, any questions the plaintiff may have regarding his pending FOIA requests should be made to the appropriate federal agencies. To the extent that the plaintiff seeks legal advice as to these matters, the plaintiff is advised that the Court is unable to give him such legal advice. The court can merely suggest that the plaintiff review the statutory provisions which govern FOIA requests.

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff.

DATED: ~~July~~ *August 2* , 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

2