IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TIMOTHY WADE JONES,**

      **Plaintiff,**

v.                                                            **Civil Action No. 2:07cv6**
                                                                **(Judge Maxwell)**

**DR. J. HAMMOND, DR. J. TENNANT,
DR. T. WARREN, DR. BRANSON,
KIMBERLY WHITE, AL HAYNES,
HARRELL WATTS, A. GERBER.**

      **Defendants.**

**PRELIMINARY REVIEW AND REPORT AND RECOMMENDATION**

On January 25, 2007, *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants. On January 29, 2007, the plaintiff was granted permission to proceed as a pauper. Plaintiff paid his initial partial filing fee on June 18, 2007. This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.02, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.

**I. The Complaint**

In the complaint, the plaintiff asserts that he has been denied proper mental health treatment while in the custody of the Bureau of Prisons ("BOP"). Specifically, the plaintiff asserts that he has been denied treatment and evaluation with regard to his pre-existing mental health conditions, namely, bipolar disorder, anxiety disorder, personality disorder, antisocial disorder and chronic depression. In addition, the plaintiff states that he now also suffers from a mood disorder.

In support of this claim, the plaintiff asserts that since he was first incarcerated in May of 2004, he has attempted to convey his serious mental health symptoms to those in authority. The

plaintiff asserts that since coming to USP-Hazelton, he has discussed his need for mental health treatment with Dr. Hammond, Dr. Tennant, Dr. Branson and Dr. Vazquez. The plaintiff asserts that each has shown a "wanton indifference" towards his mental health needs. It appears that the plaintiff believes he should be incarcerated at a medical facility, but that the defendants have failed to transfer him for financial reasons.

In further support of his need for treatment, the plaintiff asserts that at sentencing, even the sentencing judge recognized his many mental health problems. However, even though he has allegedly signed numerous release forms for the defendants to obtain his past mental health records, the plaintiff asserts that the defendants have refused to review his medical history.

The plaintiff also asserts that the defendants have taken his psychotropic medications from him. The plaintiff asserts that he has exhausted "countless" administrative remedies with regard to his medical claims against the defendants, but that all of his pleas have been ignored. The plaintiff asserts that he has been needlessly suffering the effects of his numerous mental health problems due to the defendants' wanton indifference. The plaintiff asserts that he needs any treatment, but more likely, specialized treatment. In fact, besides failing to provide the plaintiff any treatment whatsoever, he asserts that the defendants have also stolen his medications and refuse to recognize that he even has mental health issues.

As a result of the defendants' actions, the plaintiff asserts that he has suffered irreparable harm and that he has developed other physical problems. For example, the plaintiff asserts that he also now suffers from acid reflux disease, high blood pressure, and an enlarged prostate. The plaintiff asserts that he is constantly scared, paranoid, stressed out and confused. The plaintiff states that his condition is perilous. Therefore, the petitioner seeks a preliminary injunction transferring

him to Rochester Medical Federal Prison for full evaluation and treatment, and compensation for the years of irreparable injury that has been done to him.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III. Analysis

The United States Supreme Court has created a counterpart to 42 U.S.C. § 1983 so that individuals may bring a suit against a federal actor for violating a right guaranteed by the United States Constitution or federal law. See Bivens v. Six Unknown Agents of Federal Bureau of

---

[1] Id. at 327.

Narcotics, 403 U.S. 388, 395 (1971). Because the plaintiff is a federal inmate making claims against federal employees, the plaintiff's complaint has been construed as one arising under Bivens and the Court will address the plaintiff's claims accordingly.

**A.   Defendants White, Haynes, Watts and Gerber**

Liability in a Bivens case is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001)(internal citation omitted). Thus, in order to establish liability in a Bivens case, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a Bivens case. Rizzo v. Good, 423 U.S. 362 (1976).

Here, the plaintiff does not allege any personal involvement on the part of defendant Gerber. Therefore, the plaintiff has failed to state a claim against that defendant.

In addition, the plaintiff does not allege any personal involvement on the part of defendants White, Haynes or Watts. Instead, it appears that the plaintiff has named those defendants only in their official capacities as the Mid-Atlantic Regional Director, the Warden and the National Inmate Appeals Administrator, respectively. However, a suit against government agents acting in their official capacities is considered a suit against the United States itself. See Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally present only another way of pleading an action against an entity of which an officer is an agent.'"). Thus, remedy under Bivens is not

4

available against the defendants in their official capacities.

Nonetheless, in Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990), the Fourth Circuit recognized that supervisory defendants may be liable in a Bivens action if the Plaintiff shows that: "(1) the supervisory defendants failed to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." In so finding, the Court recognized that "[s]upervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of *respondeat superior*, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." Id. However, the plaintiff cannot establish supervisory liability merely by showing that a subordinate was deliberately indifferent to his needs. Id. Rather, the plaintiff must show that a supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practice. Id. In reviewing claims of medical care, supervisors are entitled to rely on the judgment of the medical staff as to the course of treatment prescribed. Id.

In this case, the plaintiff has not provided any evidence that defendants White, Haynes or Watts tacitly authorized or were indifferent to an alleged violation of his constitutional rights. Moreover, to the extent the plaintiff may be asserting that those defendants were deliberately indifferent to his serious medical needs by denying his administrative grievances, that claim is also without merit as this is not the type of personal involvement required to state a Bivens claim. See Paige v. Kupec, 2003 WL 23274357 *1 (D.Md. March 31, 2003). Accordingly, the plaintiff cannot maintain his claims against defendants White, Haynes or Watts.

**B. Defendants Hammond, Tennant, Warren and Branson**

To state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To succeed on an Eighth Amendment cruel and unusual punishment claim, a prisoner must prove: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

A serious medical condition is one that has been diagnosed by a physician as mandating treatment or that is so obvious that even a lay person would recognize the need for a doctor's attention. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991). A medical condition is also serious if a delay in treatment causes a life-long handicap or permanent loss. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The subjective component of a cruel and unusual punishment claim is satisfied by showing that the prison official acted with deliberate indifference. Wilson, 501 U.S. at 303. A finding of deliberate indifference requires more than a showing of negligence. Farmer v. Brennan, 511 U.S. 825, 835 (1994). A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial of nonexistent." Id. at 844.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate,

or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A mere disagreement between the inmate and the prison's medical staff as to the inmate's diagnosis or course of treatment does not support a claim of cruel and unusual punishment unless exceptional circumstances exist. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). A constitutional violation is established when "government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medical attention, conditions which significantly affect an individual's daily life activities, or conditions which cause pain, discomfort or a threat to good health." See Morales Feliciano v. Calderon Serra, 300 F.Supp.2d 321, 341 (D.P.R. 2004) (citing Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003)).

With regard to defendants Hammond, Tennant, Warren, and Branson, the plaintiff asserts that those defendants are medical professionals who have had some contact with the plaintiff regarding his mental health treatment and that each was deliberately indifferent in some way to his serious medical needs. Accordingly, the undersigned is of the opinion that Defendants Hammond, Tennant, Warren, and Branson should be made to answer the plaintiff's complaint.

### IV. Recommendation

In consideration of the foregoing, the undersigned recommends:

(1) the plaintiffs' Bivens claims against defendants White, Haynes, Watts and Gerber be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e) and 1915A for the failure to state a claim;

(2) the United States Marshal be directed to **SERVE** a copy of the complaint, a completed 60 day summons, and a completed Marshal 285 Form on defendants Hammond, Tennant, Warren and Branson; and

(3) pursuant to Rule 4(i) of the Federal Rules of Civil Procedure, a copy of the complaint and a completed summons be **SENT** to the United States Attorney for the Northern District of West Virginia, and the Attorney General of the United States in Washington, D.C., via certified mail, return receipt requested.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208.

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: October 31, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE