IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TIMOTHY WADE JONES,**

    **Plaintiff,**

v.                                                                                           Civil Action No. 2:07cv6
                                                                                          (Judge Maxwell)

**DR. J. HAMMOND, DR. J. TENNANT,
DR. T. WARREN, DR. BRANSON,
KIMBERLY WHITE, AL HAYNES,
HARRELL WATTS, A. GERBER,**

    **Defendants.**

## ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTED COUNSEL

    This case is before the Court on the plaintiff's Motion for Counsel, filed on August 14, 2007. In the motion, the plaintiff asserts that he has been diagnosed with several mental health conditions, including, bipolar disorder, anxiety disorder, antisocial disorder, personality disorder, and chronic depression. Furthermore, the plaintiff asserts that these disorders cause, *inter alia*, racing thoughts, confusion, disorientation, self-defeating behavior, mood swings and anger. Accordingly, the plaintiff requests appointed counsel to help him prosecute this case.

    In contrast to criminal proceedings, appointment of counsel in a civil case is not a constitutional right; it is a decision within the Court's discretion. See 28 U.S.C. § 1915(e)(1). The Court should request counsel to represent an indigent only after a showing of a particular need or exceptional circumstances. Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir 1984).

In this case, the undersigned is of the opinion that the plaintiff has failed to show that the issues in this case are either so complex, or that a particular need or exceptional circumstances exist, which would require the assistance of a trained practitioner. Although the plaintiff's many mental health problems have the ability to affect the presentation of this case, the plaintiff has not asserted that those conditions have in fact negatively impacted his prosecution of this case. Indeed, the plaintiff, acting on his own behalf, has thus far defeated summary dismissal of his case as the undersigned has recently recommended that the plaintiff's claims be served upon the defendants. Therefore, the Court finds that the plaintiff's request for counsel is premature and the motion (dckt. 32) is **DENIED without prejudice**.

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff.

DATED: November 15, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE