# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**TIMOTHY WADE JONES,**

       Plaintiff,

v.                                                       Civil Action No. 2:07cv6
                                                          (Judge Maxwell)

**DR. J. HAMMOND, DR. J. TENNANT,
DR. T. WARREN, DR. BRANSON,
KIMBERLY WHITE, AL HAYNES,
HARRELL WATTS AND A. GERBER,**

       Defendants.

## OPINION/REPORT AND RECOMMENDATION
## ON PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

The *pro se* plaintiff initiated this case by filing a civil rights complaint alleging that the above-named defendants have been deliberately indifferent to his serious medical needs. As a result, the plaintiff seeks proper medical treatment and transfer to a medical facility. On October 31, 2007, the undersigned conducted a preliminary review of the file and determined that the plaintiff's claims against defendants White, Haynes, Watts and Gerber be dismissed for the failure to state a claim. The undersigned also recommended that the plaintiff's claims against doctors Hammond, Tennant, Warren and Branson be served and that those defendants be made to answer the complaint. This case is before the Court on the plaintiff's Motion for Preliminary Injunction filed on January 7, 2008.

In the motion, the plaintiff asserts that his current place of incarceration does not have the ability to properly treat his many medical conditions. The plaintiff further asserts that the lack of proper medical attention is causing additional damage to his mental, emotional and physical well-being. Thus, the plaintiff seeks the Court's help in obtaining a transfer to a federal medical facility.

The standard for granting injunctive relief in this Court is the balancing-of-hardship analysis set forth in Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). In making this analysis, the Court must consider the following four factors:

(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,

(2) the likelihood of harm to the defendant if the requested relief is granted,

(3) the likelihood that the plaintiff will succeed on the merits, and

(4) the public interest.

Direx Israel, Ltd v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). The "[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction." Id. (citation omitted).

A court will not grant a preliminary injunction unless the plaintiff first makes a "clear showing" that he will suffer irreparable injury without it. Id. The required harm "must be neither remote nor speculative, but actual and imminent." Id. (citations and internal quotation omitted). If such harm is demonstrated, the court must balance the likelihood of harm to the plaintiff if an injunction is not granted and the likelihood of harm to the defendant if it is granted. Id. (citation omitted). If the balance of those two factors "'tips decidedly' in favor of the plaintiff, a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991) (citations omitted). However, "[a]s the balance tips away from the plaintiff, a stronger showing on the merits is required." Id. (citation omitted).

In this case, the plaintiff's claims of further harm are nothing more than speculation. Nor

2

has the plaintiff even asserted that any such harm would be irreparable. Moreover, even assuming that the likelihood of harm tips in the plaintiff's favor, the plaintiff has failed to show that this Court can grant him the relief sought in his motion. It is well-established that an inmate does not have a right to be incarcerated in the facility of his choice and that the Court does not have the authority to transfer an inmate. See Meachum v. Fano, 427 U.S. 215 (1976) (the transfer of a convicted and sentenced inmate is within the sound discretion of the BOP); see also, 18 U.S.C. § 3621(b) (the BOP shall designate the place of an inmate's confinement). Accordingly, the undersigned recommends that the plaintiff's motion for injunctive relief (dckt. 41) be **DENIED**.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: February 6, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE