IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**TIMOTHY WADE JONES,**

        **Plaintiff,**

v.                                  **Civil Action No. 2:07cv6**
                                       **(Judge Maxwell)**

**DR. J. HAMMOND, DR. J. TENNANT,
DR. T. WARREN, DR. BRANSON,
KIMBERLY WHITE, HARRELL WATTS,
A. GERBER AND AL HAYNES,**

        **Defendants.**

## REPORT AND RECOMMENDATION ON PLAINTIFF'S
## MOTION FOR DEFAULT JUDGMENT

The *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). On October 31, 2007, the undersigned conducted a preliminary review of the file and recommended that the plaintiff's claims against Kimberly White, Al Haynes, A. Gerber and Harrell Watts be dismissed. However, the undersigned also recommended that the plaintiff's claims against Dr. Hammond, Dr. Tennant, Dr. Warren and Dr. Branson proceed, and those defendants be made to answer the complaint. The plaintiff was advised that he had 10 days to file objections to the report and recommendation, and he did so on November 8, 2007.

In light of the plaintiff's objections, on February 6, 2008, the District Judge conducted a *de novo* review of the complaint. Upon such review, the District Judge adopted the undersigned's recommendations, dismissed defendants White, Watts, Gerber and Haynes, and directed that

defendants Hammond, Tennant, Warren and Branson be served with a copy of the complaint. The docket reflects that service was executed on the remaining defendants between the 21st and 25th of February 2008. On May 28, 2008, the defendants filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. The plaintiff's response to that motion is due on June 29, 2008.

On February 8, 2008, the plaintiff also filed a letter motion seeking default judgment. In the motion, the plaintiff asserts that the October 31, 2007 report and recommendation states that the parties have 10 days to file objections to the report and recommendation. The plaintiff asserts that because the defendants did not file objections to the report and recommendation, they did not file any objection to his complaint, and therefore, he is entitled to default judgment. It is this motion that gives rise to the instant report and recommendation.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default." However, "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Fed.R.Civ.P. 55(e).

In this case, the premise for the plaintiff's motion is inaccurate for three reasons. First, the failure to object to the report and recommendation in this case does not equate with a failure to object to the claims made in the complaint. Second, the October 31, 2007 report and recommendation involved a preliminary review of the complaint. At that time, the defendants had not yet been served and they were not yet parties to this action. Therefore, they did not receive service of said report and recommendation and were under no obligation to respond. Third, a party

2

is not *required* to object to a report and recommendation at all.  Thus, the failure to do so does not result in a failure to plead, and does not form a basis for granting default judgment.  Accordingly, it is recommended that the plaintiff's Motion for Default (dckt. 47) be **DENIED**.

Within ten (10) days after being served with a copy of this opinion/report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.   28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.  The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to counsel of record via electronic means.

DATED: June 16, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE